### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SARAH STEVENSON**, individually and on behalf of all others similarly situated**,** ) ) ) | **Case No.: 1:21-CV-09559** |
| ) | |
| Plaintiff**,** ) | **CLASS ACTION COMPLAINT** |
| ) | |
| **v.** ) | <u>**JURY TRIAL REQUESTED**</u> |
| ) | |
| **MAPLE HILL CREAMERY, LLC** ) | |
| ) | |
| Defendant. ) | |

### <u>CLASS ACTION COMPLAINT</u>

Plaintiff Sarah Stevenson ("Plaintiff"), by and through her undersigned attorneys, brings this action on behalf of herself and all others similarly situated, based upon personal knowledge as to herself and her activities, and on information and belief as to all other matters against Defendant Maple Hill Creamery, LLC ("Defendant" or "Maple Hill"), and alleges as follows:

### <u>NATURE OF THE CASE</u>

1.      Plaintiff brings this action individually and on behalf of a proposed class and subclass ("Class" or "Classes"), as more fully defined below, of similarly situated consumers, nationwide, and in New York and Missouri, seeking to redress the fraudulent, deceptive, false, and otherwise improper advertising, sales, and marketing practices that Defendant has engaged in and continues to engage in with regard to its line of organic, zero-sugar milk products (collectively the "Milk Products" listed below). As more fully alleged herein, Defendant's schemes or artifices to defraud Plaintiff and other members of the proposed Classes have consisted of systemic and continuing practices of disseminating false and misleading information via television commercials, internet websites and postings, blast emails, radio media, blogs, video news releases, advertisements, and the packaging of the Milk Products, all of which is intended to induce

unsuspecting consumers, including Plaintiff and other members of the proposed Classes, into purchasing, at a premium price, the Milk Products, which are manufactured, distributed, marketed, advertised, and/or sold by Defendant.

2.       Maple Hill produces, markets, advertises, sells, and/or distributes organic milk and milk products. Two of these products, Maple Hill Zero Sugar Organic Whole Milk and Maple Hill Zero Sugar Organic Reduced Fat Milk (collectively the "Milk Products"), are advertised as having "zero sugar," "no sugar," and "no sweeteners." Defendant claims the Milk Products undergo a process known as "Soft-Filtering." Defendant claims that this process removes all sugar, carbs and lactose from the Milk Products without compromising their taste or nutritional profile. The packaging of the Milk Products, examples of which are reproduced below, and Maple Hill's associated advertising and marketing, boldly state that the milk contains "Zero Sugar," "No Sugar," and "No Sweeteners."





3.     Despite Maple Hill's claims that the Milk Products contain no sugar, either added or in total, the Milk Products do in fact contain galactose, a simple sugar. With knowledge of its falsity, Defendant advertised and misrepresented to the public, including Plaintiff and members of the proposed Classes, that the Milk Products were sugar free.

4.     Each of Defendant's misrepresentations created an overall marketing scheme that misled and continues to mislead the public, including Plaintiff and the members of the proposed Classes, as to the nature and properties of Maple Hill's Milk Products.

5.     Consumers, including Plaintiff and the members of the proposed Classes, relied on these misrepresentations concerning the sugar content and nutritional profile of the Milk Products when purchasing them. As a result of this reliance, they paid more for the Milk Products and

suffered harm in the form of paying a higher price for them than they would have paid if they had known that the Milk Products contained sugar.

6.      Plaintiff brings this class action against Defendant, on behalf of herself and the proposed Classes, in order to seek damages and injunctive relief for Defendant's false and misleading representations regarding its Milk Products. Defendant's misrepresentations constitute violations under the New York Deceptive Practices Act General Business Law §§349 and 350 and the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.* (collectively, the "Unfair Trade Practices Statutes"). Defendant's conduct also constitutes negligent misrepresentation and unjust enrichment, as well as a breach of warranties and fraud.

## PARTIES

7.      Plaintiff Stevenson is, and at all times relevant to this Complaint was, a resident and citizen of Missouri and resides in Jackson County, Missouri.

8.      In 2021, Plaintiff purchased one or more of the Milk Products for personal consumption as represented herein.

9.      Plaintiff paid premium pricing because, prior to purchase, Plaintiff saw and relied on the Defendant's misleading representations.

10.      Plaintiff would purchase the Milk Products again if there were assurances that the Milk Products' representations were no longer misleading.

11.      Defendant Maple Hill Creamery, LLC is a Delaware corporation with a principal place of business located at 5 Hudson Street, Kinderhook, New York 12106. It sells, or during the applicable statute of limitations has sold, its Milk Products in New York, Missouri, and across the country online (through its website and Amazon) and through major retailers like Whole Foods

Markets. Defendant can be served through its Registered Agent, CT Corporation System at 28 Liberty Street, New York, New York 10005.

12.     Plaintiff alleges, on information and belief, that at all relevant times Defendant's agents, employees, representatives, executives, directors, partners, and/or subsidiaries were acting within the course and scope of such agency, employment, and representation on behalf of Defendant.

## JURISDICTION AND VENUE

13.     Diversity subject matter jurisdiction exists over this class action pursuant to the Class Action Fairness Act of 2005, Pub. No. 109-2, 119 Stat. 4 (2005), amending 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions involving: (a) 100 or more members in the proposed class; (b) where at least some members of the proposed class have different citizenship from some defendants; and (c) where the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in the aggregate. 28 U.S.C. § 1332(d)(2) and (6).

14.     While the exact number of members in the proposed class is unknown at this time, Plaintiff has reason to believe that thousands of consumers purchased Defendant's Milk Products throughout New York, Missouri, and the United States during the relevant time period. The number of class members could be discerned from the records maintained by Defendant.

15.     While the exact damages to Plaintiff and the members of the classes are unknown at this time, Plaintiff reasonably believes that their claims exceed five million dollars ($5,000,000) in the aggregate.

16.     Venue properly lies in this district pursuant to 28 U.S.C. §1391(a), because Defendant has an agent, or has transacted substantial business within the Southern District of New

York within the meaning of 28 U.S.C. §1391(a) as defined in 28 U.S.C. §1391(c), and because a substantial part of the events giving rise to the claims alleged herein occurred in the Southern District of New York.

## FACTUAL ALLEGATIONS

17.     Defendant sells or, during the applicable statute of limitations, has sold, its Milk Products in New York, Missouri, and across the country online (through its website and Amazon) and through major retailers like Whole Foods Markets.

18.     Since introducing the Milk Products to market in or around May of 2021, Maple Hill has consistently touted and promoted the purported lack of sugar in the Milk Products. Carl Gerlach, the CEO of Maple Hill, said the following: "The word that comes to mind when I think about zero-sugar organic milk is freedom. It's freedom to enjoy cow's milk without the worry or guilt over sugar, carbs or lactose. Freedom for parents to provide nutritious milk to their children with no sugar or sweeteners. Freedom to have milk in your coffee again. All from a brand that consumers trust."[1]

19.     Defendant's packaging for the Milk Products, and on its website and social media platforms, uniformly and consistently state on the principal display panels of the product labels that they contain "Zero Sugar," "No Sugar," and "No Sweeteners." They also state that the Milk Products are "Sugar Free Ultra-Filtered Milk" and that they achieve this through the "Soft-Filtering Process," which "…skims out sugars but retains organic milk's natural nutrients and Maple Hill's farm fresh taste."

20.     Defendant    has    promoted    the    Milk    Products    on    its    website, www.zerosugarmilk.com, and through its various social media platforms like Facebook and

---

[1] https://www.dairyfoods.com/articles/95020-maple-hill-creamery-releases-zero-sugar-organic-milk . Last Visited November 18, 2021.

Instagram. Regardless of the platform, the core message Defendant conveyed is the same: the Milk Products contain zero sugar. Images from the website and social media posts are reproduced below.









21.     Defendant's website also has a "Customer Reviews" section near the bottom of the main page. These unaccredited reviews all tout the benefits of the Milk Products and reinforce the assertion that the Milk Products contain no sugar. An example of the "Customer Reviews" section is produced immediately below.

# Customer Reviews

Thank you for creating sugar-free milk!

This is amazing!! Especially for lactose free people. Thank you so much!!!

This Milk is Amazing!!  Tastes great and my kids love it.

22.     Defendant's advertising gives reasonable consumers the false understanding that the Milk Products contain zero sugar.

23.     Upon information and belief, Defendant's Milk Products actually do contain sugar in the form of Galactose, a simple sugar (monosaccharide) that is found in dairy products and certain vegetables.

24.     Defendant's advertising and labeling of the Milk Products as containing zero sugar is false, misleading, and intended to induce consumers to purchase Defendant's Milk Products, at a premium price, while ultimately failing to meet consumer expectations. These representations deceive and mislead reasonable consumers into believing that the Milk Products have characteristics which they do not.

25.     Due to its misrepresentations, Defendant is able to charge a significant premium for the Milk Products, with their typical price being $6.49 for 1.7 Liters. By way of example, and

for purposes of comparison, other organic milk products sell for as little as $4.49 for a half-gallon (one half-gallon is roughly equivalent to 1.89 Liters).

26.     Plaintiff, and other consumers like her, pay more for Defendant's Milk Products based on its claims that they contain zero sugar.

**Plaintiff Stevenson's Purchases**

27.     Plaintiff Stevenson is a health-conscious individual and intentionally seeks organic, healthy foods when shopping. She regularly compares the nutritional content of products and compares their promised attributes in order to determine which brand or product to purchase.

28.     Plaintiff recalls viewing Defendant's marketing pertaining to the Milk Products in several ways.

a)   **Social Media.** Plaintiff viewed Defendant's social media posts on Facebook in October of 2021. As with its website, Defendant's social media posts repeatedly advertised the Milk Products and specifically referenced its claim that they contained "Zero Sugar." Examples of the social media posts that Plaintiff viewed are reproduced above.

b)   **Packaging.** As a repeat purchaser and health enthusiast, Plaintiff regularly viewed the packaging of the Milk Products throughout October of 2021. The packaging, reproduced above, reiterates the same claims Defendant makes throughout their advertising: the Milk Products contain absolutely zero sugar.

29.     Plaintiff Stevenson, like most reasonable consumers, assumed that Defendant was advertising truthfully and not making misleading statements regarding the nutritional properties of the Milk Products.

30.     On October 27, 2021, Plaintiff Stevenson, relying on Defendant's advertising regarding the Milk Products, purchased a carton of Maple Hill Zero Sugar Organic Reduced Fat Milk from the Whole Foods Market located at 301 E 51st Street, Kansas City, Missouri 64112. She has subsequently purchased more of the Milk Products from the same location.

31.     In making her purchases, Plaintiff relied on Maple Hill's representations that she viewed on its social media and packaging regarding the lack of sugar and nutritional profile of the Milk Products. The information she viewed ultimately drove her decision to purchase the products and how much to pay for them.

32.     Plaintiff was misled and deceived by the representations made by Maple Hill regarding the lack of sugar and nutritional profile of the Milk Products.

33.     If Plaintiff had known the truth about the Milk Products and their true nutritional profile, Plaintiff would not have purchased the products at all or would not have paid as much as she did for them.

34.     Plaintiff purchased and paid higher prices for the Milk Products based on Defendant's representations that its Milk Products contained no sugar, zero sugar, and no sweeteners by virtue of the Soft-Filtering process. However, the Milk Products did contain sugar in the form of Galactose, a simple sugar common in dairy products. Had Plaintiff, and other members of the proposed Classes, known the truth that the Milk Products did in fact contain sugar, they would not have purchased them, or would not have paid the inflated prices for them. If Maple Hill were to disclose the truth about its Milk Products, consumers, including Plaintiff, would be better able to make an informed choice about whether to purchase them at the prices offered. Plaintiff would be interested in buying the Milk Products again if they are truthfully advertised with the nutritional profile of the products represented accurately.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action as a class action pursuant to Rule 23(a) and (b)(2) and/or

(b)(3) of the Federal Rules of Civil Procedure ("Rule") for the purposes of asserting the claims

alleged in this Complaint on a common basis. Plaintiff brings this action on behalf of herself and

all members of the following classes (together, the "Class" or "Class Members"):

> **Nationwide Class:** All persons within the United States who purchased one
> or more of Maple Hill's Milk Products on or after May 1, 2021.

> **New York Sub-Class:** All citizens of New York who purchased one or
> more of Maple Hill's Milk Products on or after May 1, 2021.

> **Missouri Sub-Class**: All citizens of Missouri who purchased one or more
> of Maple Hill's Milk Products for personal, family, or household use on or
> after May 1, 2021.

36.     Excluded from the Class are any of Defendant's officers, directors, or employees;

officers, directors, or employees of any entity in which Defendant currently has or has had a

controlling interest; the Judge to whom this case is assigned and any member of the Judge's

immediate family; and Defendant's legal representatives, heirs, successors, and assigns. Plaintiff

reserves the right to modify, change, or expand the Class definition(s), including proposing

additional subclasses, based upon discovery and further investigation.

37.     Upon information and belief, the scope of the Class definition(s), including its

temporal scope, may be further refined after discovery of Defendant's and/or third-party records.

38.     **Numerosity.** Class members are so numerous that joinder is impracticable.

Thousands of individuals were deceived by Defendant's advertising.

39.     **Typicality.** Plaintiff's claims are typical of the claims of the Class. Plaintiff is a

member of a well-defined Class of similarly situated persons, and the members of the Class were

similarly affected by Defendant's conduct and are owed the same relief, as alleged in this

Complaint. Members of the Class are ascertainable from Plaintiff's description of the Class and/or Defendant's records and/or records of third parties accessible through discovery.

40.     **Adequacy.** The representative Plaintiff will fairly and adequately represent the members of the Class and has no interests that are antagonistic to the claims of the Class. Plaintiff's interests in this action are antagonistic to the interests of Defendant, and Plaintiff will vigorously pursue the claims of the Class.

41.     **Commonality and Predominance.** The representations that the Milk Products contain zero sugar, no sugar, and no sweeteners are uniformly communicated to Plaintiff and every other person who purchase or purchased any of the Milk Products during the Class Period. Common questions of law and fact affect the rights of each member of the Class, and a common remedy is sought for the Class. There are substantial questions of law and fact common to all members of the Class that will predominate over any individual issues. These common questions of law and fact include, without limitation:

> a)     whether Defendant's claims regarding the Milk Products' sugar-content are deceptive or misleading so as to have the consumer believe that the Milk Products do not contain any sugar;
>
> b)     whether the actions and activities of Defendant violated consumer fraud provisions of New York General Business Law §§349 and 350 and/or the Missouri Merchandising Practices Act;
>
> c)     whether Defendant's business practices violate New York and/or Missouri law, for which Plaintiff and members of the proposed Classes may recover damages;

d)      whether Defendant knew or should have known that the advertising and labeling on the Milk Products was false when issued;

e)      whether Defendant represented in advertising for the Milk Products that the Milk Products had characteristics, ingredients, uses, or benefits that they do not have;

f)      whether Defendant's labeling, marketing, and sale of the Milk Products constituted unfair, deception, fraudulent, or unlawful conduct;

g)      whether Defendant materially misrepresented, either through express or implied representations, that the Milk Products had characteristics, ingredients, uses or benefits that they do not have;

h)      Whether Defendant procured and retained ill-gotten gains from Plaintiff and members of the Class;

i)      Whether Defendant's conduct injured consumers and, if so, the extent of the injury;

j)      whether Plaintiff and Class members are entitled to damages, and if so, in what amount; and

k)      whether Plaintiff and Class members are entitled to equitable relief, including restitution or injunctive relief.

42.     A class action provides a fair and efficient method, if not the only method, for adjudicating this controversy. The substantive claims of Plaintiff and the Class are nearly identical and will require evidentiary proof of the same kind and application of the same laws. There is no plain, speedy, or adequate remedy other than by maintenance of this class action.

43.     **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because Class members number in the thousands and individual joinder is impracticable. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. Trial of Plaintiff's and the Class members' claims is manageable.

44.     Plaintiff has retained counsel who are competent and experienced in consumer protection litigation, including class actions relating to false advertising and who have successfully represented plaintiffs in complex class actions.

45.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## CAUSES OF ACTION

## COUNT I

### Negligent Misrepresentation

46.     Plaintiff realleges and incorporates by reference each preceding paragraph as if fully set forth herein.

47.     Starting in or around May 2021, Defendant misrepresented to Plaintiff and the Classes the nutritional composition, specifically pertaining to the sugar content, of the Milk Products.

48.     Starting in or around May 2021, Defendant omitted material facts to Plaintiff and the Classes as to the nutritional composition, specifically pertaining to the sugar content, of the Milk Products.

49.     Defendant had a duty to disclose and/or provide non-deceptive labeling of the Milk Products and knew or should have known the labeling was false or misleading.

50.     This duty is based, in part, on Defendant's representation that the Milk Products are "Sugar Free" since food products without sugar are deemed more desirable and fetch a premium price.

51.     Defendant owed a duty to Plaintiff and the Classes to exercise reasonable care when issuing statements or disclosures regarding the Milk Products.

52.     Upon information and belief, the statements and disclosures made by Defendant through its advertising and labeling of the Milk Products regarding the sugar content in the Milk Products were likely to deceive or confuse Plaintiff and members of the Classes.

53.     The referenced claims have also influenced or are likely to influence future decisions of consumers and the buying public. Plaintiff and the Classes, by purchasing the Milk Products, reasonably acted in reliance upon the truth of the representations made by the Defendant.

54.     Plaintiff and class members would not have purchased the Milk Products or paid as much for them if the true facts had been known to Plaintiff and Class members.

55.     As a direct and proximate result of the Plaintiff's and the Class members' reliance upon the representations made by Defendant, as described above, Plaintiff and the Classes have sustained damages and ascertainable loss.

## COUNT II

### Breach of Express Warranty and Implied Warranty of Merchantability

56.     Plaintiff realleges and incorporates by reference each preceding paragraph as if fully set forth herein.

57.     Beginning at an exact date unknown to Plaintiff, but at least since two years prior to the filing date of this action, and as set forth herein, Defendant made representations to the public, including Plaintiff, by its advertising, packaging and other means, that the Milk Products

contained no sugar, added or otherwise. This is opposed to standard milk, which contains some natural sugars.

58.     The representations that the Milk Products were sugar free warranted to Plaintiff and Class members that the sugars found in standard milk were somehow removed.

59.     Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Milk Products.

60.     This duty is based in part on Defendant's outsized role in the market as a trusted brand and a pioneer of sugar-free dairy products, such that consumers trust it to be honest.

61.     These promises became part of the basis of the bargain between the parties and thus constituted an express warranty.

62.     Thereon, Defendant sold the Milk Products to Plaintiff and other members of the Classes, who bought the Milk Products from retailers selling Defendant's Milk Products.

63.     However, Defendant breached the express warranty in that the goods did not, in fact, contain zero sugar and in fact contained galactose, due to Defendant's actions as set forth in detail herein.

64.     As a result of this breach, Plaintiff and other consumers in fact did not receive goods as warranted by Defendant.

65.     Plaintiff and Class members would not have purchased the Milk Products or paid as much if the true facts had been known.

66.     As a proximate result of this breach of warranty by Defendant, Plaintiff and other consumers have been damaged in an amount to be determined at trial.

**COUNT III**

**Violation of §§349 of New York General Business Law**

67.     Plaintiff repeats and realleges the allegations contained in all preceding paragraphs as if fully set forth herein.

68.     This Count is brought on behalf of the New York Sub-Class against Defendant.

69.     New York General Business Law ("NYGBL") §349 provides: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

70.     As alleged fully above, Defendant engaged in deceptive acts and practices within the meaning of the Unfair Trade Practices Statutes, namely, by representing and marketing its Milk Products as not containing any sugar.

71.     As alleged fully above, Defendant engaged in deceptive acts and practices within the meaning of the Unfair Trade Practices Statutes, namely, by manufacturing, distributing, supplying and/or selling defective products to Plaintiff and members of the Sub-Class.

72.     By virtue of the foregoing, Defendant has violated NYGBL §349.

73.     As a consequence of Defendant's conduct, Plaintiff and members of the Sub-Class have suffered injury and ascertainable loss

## COUNT IV

### Violation of §350 of New York General Business Law

74.     Plaintiff repeats and realleges the allegations contained in all preceding paragraphs as if fully set forth herein.

75.     This Count is brought on behalf of the New York Sub-Class against Defendant.

76.     NYGBL §350 provides: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

77.     As alleged fully above, Defendant engaged in false advertising within the meaning of the Unfair Trade Practices Statutes, namely, by representing and marketing its Milk Products as not containing sugar.

78.     As alleged fully above, Defendant engaged in false advertising within the meaning of the Unfair Trade Practices Statutes, namely, by manufacturing, distributing, supplying and/or selling defective products to Plaintiff and members of the Sub-Class.

79.     By virtue of the foregoing, Defendant has violated NYGBL §350.

80.     As a consequence of Defendant's conduct, Plaintiff and members of the Sub-Class have suffered injury and ascertainable loss.

## COUNT V

### Violations of the Missouri Merchandising Practices Act
### Mo. Rev. Stat. § 407.010 *et seq.*

81.     Plaintiff repeats and realleges the allegations contained in all preceding paragraphs as if fully set forth herein.

82.     This Count is brought on behalf of the Missouri Sub-Class against Defendant.

83.     Defendant engaged in "trade" or "commerce" in the State of Missouri within the meaning of Mo. Rev. Stat. § 407.010(7).

84.     The Missouri Merchandising Practices Act ("Missouri MPA") makes unlawful the "act, use or employment by any person of any deception, fraud, false pretense, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise Mo. Rev. Stat. § 407.020.

85.     In the course of its business, Defendant concealed and suppressed material facts concerning the Milk Products. Defendant accomplished this by misrepresenting through advertising and packaging that the Milk Products contained no sugar when, in fact, they did.

86.     Missouri Sub-Class members had no way of discerning that Defendant's representations were false and misleading.

87.     Defendant thus violated the Missouri Merchandising Practices Act by, at minimum: representing that the Milk Products have characteristics, uses, benefits, and qualities which they do not have; representing that the Milk Products are of a particular standard, quality, and grade when they are not; and/or advertising the Milk Products with the intent not to sell them as advertised.

88.     Plaintiff and the Missouri Sub-Class purchased the Milk Products primarily for personal, family, or household use.

89.     Defendant intentionally and knowingly misrepresented material facts regarding the Milk Products with the intent to mislead the Missouri Class.

90.     Defendant's concealment of the true nutritional profile of the Milk Products was material to the Missouri Class.

91.     Defendant's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including the Missouri Class, about the true nutritional content of the Milk Products, the quality of the Milk Products, and their true value.

92.     Defendant's violations present a continuing risk to the Missouri Class as well as to the general public. Defendant's unlawful acts and practices complained of herein affect the public interest.

93.     Missouri Sub-Class members suffered ascertainable loss and actual damages as a direct and proximate result of Defendant's misrepresentations and concealment of and failure to disclose material information. Defendant had an ongoing duty to all its customers to refrain from unfair and deceptive practices under the Missouri MPA. All purchasers of Milk Products suffered

ascertainable loss as a result of Defendant's deceptive and unfair acts and practices made in the course of Defendant's business.

94.     As a direct and proximate result of Defendant's violations of the Missouri Merchandising Practices Act, Missouri Sub-Class members have suffered injury-in-fact and/or actual damage.

95.     Defendant is liable to the Missouri Sub-Class for damages in amounts to be proven at trial, including attorneys' fees, costs, and punitive damages, as well as injunctive relief enjoining Defendant's unfair and deceptive practices, and any other just and proper relief under Mo. Rev. Stat. § 407.025.

## COUNT VI

### Unjust Enrichment

96.     Plaintiff repeats and realleges the allegations contained in all preceding paragraphs as if fully set forth herein.

97.     As a result of Defendant's fraudulent and misleading labeling, advertising, marketing and sale of its Milk Products, Defendant was enriched at the expense of Plaintiff and members of the Classes.

98.     It would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits it received from Plaintiff and members of the Classes, because the Milk Products contained sugar despite Defendant's assertion, advertising, labeling, and representations stating otherwise. Thus, it would be unjust and inequitable for Defendant to retain the benefits of its misrepresentations (and accompanying premium prices) without restitution to Plaintiff and members of the Classes of all monies paid to Defendant for the Milk Products at issue.

99.     As a direct and proximate result of Defendant's actions, Plaintiff and the Class have suffered damages in an amount to be proven at trial.

## DAMAGES

100.    As a result of Defendant's negligent misrepresentations and fraud, including violations of New York and Missouri statutes, Plaintiff was damaged in the amount of the purchase price, or in the alternative, in the amount of the purchase price tied to the false and misleading representations, in amounts to be proven at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant, as follows:

A.      An order certifying the proposed Classes; appointing Plaintiff as representative of the Classes; and appointing Plaintiff's undersigned counsel as Class Counsel;

B.      A declaration that Defendant is financially responsible for notifying Class members of the pendency of this suit;

C.      An order enjoining Defendant's unlawful and deceptive acts and practices that includes, but is not limited to, requiring Defendant to cease the acts of unfair competition alleged here and to correct its advertising, promotion, and marketing campaigns by, without limitation, removing and/or refraining from making representations in the Milk Products' marketing materials that the Milk Products contain zero sugar, no sugar, and no sweeteners;

D.      Actual damages, punitive damages, and reasonable attorneys' fees and costs, as well as all other proper and just relief available;

E.      Restitution for members of the Classes to recover Defendant's ill-gotten benefits;

F.      Monetary damages, statutory damages and injunctive relief for members of the

Classes in the maximum amount provided by law;

G.      Punitive damages in accordance with proof and in an amount consistent with applicable precedent;

H.      An order finding in favor of Plaintiff and the Classes on all counts asserted herein;

I.      An order requiring Defendant to pay attorneys' fees and litigation costs to Plaintiff;

J.      Ordering Defendant to pay both pre- and post-judgment interest at the highest rate allowable by law on any amounts awarded; and

K.      Any further relief that the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

Dated: November 18, 2021                     Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By:*/s/ Derek Potts*
        Derek H. Potts N.Y. 824475
        3737 Buffalo Speedway
        Suite 1900
        Houston, Texas 77098
        Telephone: (713) 963-8881
        Facsimile: (713) 583-5388
        Email: dpotts@potts-law.com

        Timothy L. Sifers (*To be Admitted Pro Hac Vice*)
        Nathaniel Scearcy (*To be Admitted Pro Hac Vice*)
        1901 W. 47th Place
        Suite 210
        Westwood, Kansas 66205
        Telephone: (816) 931-2230
        Facsimile: (816) 931-7030
        Email: tsifers@potts-law.com
                nscearcy@potts-law.com

**EDGAR LAW FIRM LLC**
John F. Edgar (*To be admitted Pro Hac Vice*)
Ryan J. Loehr (*To be admitted Pro Hac Vice*)
2600 Grand Blvd., Suite 2600
Kansas City, Missouri 64108
Telephone: (816) 531-0033
Email: jfe@edgarlawfirm.com
        rjl@edgarlawfirm.com

*Counsel for Plaintiff & the Proposed Class*